**In re Ernest Francis BLOOMFIELD, Mary Ann Bloomfield, Debtors.**

**Bankruptcy No. 81–00394.**

United States Bankruptcy Court, District of Columbia.

Dec. 3, 1981.

Phyliss Katz, Gary Gallo Legal Clinic, Washington, D. C., for debtor.

MEMORANDUM OPINION

(Order to Show Cause Pursuant to Bankruptcy Rule 220)

ROGER M. WHELAN, Bankruptcy Judge.

This matter came before the Bankruptcy Court for hearing on November 24, 1981, as a result of this Court's issuance of an order directed to debtor's counsel pursuant to 11 U.S.C. § 329 and Bankruptcy Rule 220.[1]

1. Bankruptcy Rule 220, in pertinent part, provides as follows:

(a) On motion ... or on the court's own

The Court feels that the underlying issue is of considerable importance with reference to bankruptcy cases in general and the scope of lawyer advertising in particular. The facts which are uncomplicated and not in dispute reflect that the individual debtors in this case consulted the Legal Clinic of Gary Gallo as a result of his advertisement placed in the Washington Post with reference to their financial problems. (See Appendix A—Washington Post Advertisement.) The advertisement, on its face, reflects that the Clinic will represent debtors in "Uncontested Bankruptcy Cases" for the sum of $375.00. The only qualifying language with reference to the legal services to be rendered by the Clinic is the supplemental disclaimer relating to "costs."

The pleadings filed by counsel for the debtor reflect that the standard fee noted in the advertisement refers to individual Chapter 7 cases only and that individual Chapter 13 cases, because they involve more detailed services, are billed at a higher rate. The advertisement, at issue in this proceeding, does not, however, distinguish in any way the fee to be assessed for Chapter 13 cases, nor does it in any way note a distinction between individual or business cases (if such be the practice of the Clinic), nor does the provision pertaining to costs indicate that there is any additional charge for the filing of a joint petition for husband and wife.[2]

The issue before this Court is whether such advertisement is misleading because of its failure to provide any explanation or supplementation with respect to increased fees for relief under Chapter 13 of the Bankruptcy Code.[3]

In determining whether the advertisement is in fact misleading, the Court is obligated to consider not only the context of the advertisement itself but the public that it is intended to reach. In this case, the advertisement employed by the Clinic provides no explanation whatsoever as to what the $375.00 fee encompasses; namely, it does not inform the potential debtor whether the services to be provided are limited solely to individual consumer cases, or whether the services covered by the stated fee are applicable to joint petitions for husband and wife; and whether the fee quoted covers relief under any chapter of the Bankruptcy Code. In this regard it is instructive to resort to the Code of Professional Responsibility, DR2–101(B), which specifically provides that:

> "Without limitation a false, fraudulent, misleading, or deceptive statement or claim includes a statement or claim which:
>
> (1) Contains a material representation of fact;
>
> (2) Omits to state any material fact necessary to make the statement, in light of all circumstances, not misleading;
>
> (3) Is intended or is likely to create an unjustified expectation;
>
> .     .     .     .     .
>
> (5) Relates to legal fees other than . . .

---

initiative, the court may examine any payment of money . . . by the bankrupt, made directly or indirectly and in contemplation of the filing of a petition by or against him, to an attorney for services rendered or to be rendered.

.     .     .     .     .

(c) Any payment, transfer, or obligation examined under subdivision (a) or (b) of this rule shall be held valid only to the extent of a reasonable amount as determined by the court.

**2.** At this point, it is important to note that both Chapter 7 and Chapter 13 cases are generically bankruptcy cases as both are filed under the

Bankruptcy Code. See 11 U.S.C. § 301, § 302. An order for relief under a particular chapter, namely Chapter 7 or Chapter 13, deals principally with the distinction as to the type of relief afforded under that particular chapter. However, the advertisement in question obviously does not in any way distinguish between the types of relief available, vis-a-vis, Chapter 7 or Chapter 13.

**3.** At the time of the show cause hearing, counsel for the debtors did note that recent advertisements placed in the Washington Post specifically limit the $375.00 fee to Chapter 7 cases.

(b) A statement of the fixed or contingent fee charged for a specific legal service, the description of which would not be misunderstood or deceptive;

(c) A statement of the range of fees for specifically described legal services, provided there is a reasonable disclosure of all relevant variables and considerations so that the statement would not be misunderstood or be deceptive;

(6) Contains a representation or implication that is likely to cause an ordinary prudent person to misunderstand or be deceived or fails to contain reasonable warnings or disclaimers necessary to make a representation or implication not deceptive.

It is the opinion of the Court that the average lay person seeking relief under the Bankruptcy Code in a metropolitan area such as this would safely assume that the fee stated of $375.00 covers relief for "bankruptcy cases" and that no higher fee would be applicable except perhaps in cases of "contested bankruptcy cases." Such would be the logical assumption based on the fact that the average lay person is not aware of the distinction and difference between an order for relief under Chapter 7 as opposed to Chapter 13 of the Code. Even assuming that the individual was generally aware of such a distinction between chapters under the Bankruptcy Code, the blanket reference to "bankruptcy" would seemingly indicate that the fee was standardized for services in all "bankruptcy cases." After all, the purpose of lawyer advertising is designed essentially to advertise routine legal services at standardized rates. *See Bates v. State Bar of Arizona*, 433 U.S. 350, 372, 97 S.Ct. 2691, 2703, 53

L.Ed.2d 810 (1977). In *Bates v. State Bar of Arizona*, the Supreme Court, in approving generally of lawyer advertising, expressly left open the question of restraints which might, of necessity, be placed upon such advertising. The Court stated, apropos of the pending proceeding, that:

"In fact, because the public lacks sophistication concerning legal services, misstatements that might be overlooked or deemed unimportant in other advertising may be found quite inappropriate in legal advertising. For example, advertising claims as to the quality of services—a matter we do not address today—are not susceptible of measurement or verification; accordingly, such claims may be so likely to be misleading as to warrant restriction. Similar objections might justify restraints on in-person solicitation. *We do not foreclose the possibility that some limited supplementation, by way of warning or disclaimer or the like, might be required of even an advertisement of the kind ruled upon today so as to assure that the consumer is not mislead.*" [emphasis added] (footnotes omitted) [4] *Bates v. State Bar of Arizona, supra*, 433 U.S. at 383–84, 97 S.Ct. at 2708–2709.

Accordingly, if this Clinic employs an advertisement of this type, it should be obligated to provide "bankruptcy services" at the stated rate of $375.00. The public has a right to rely upon the unequivocable statements of such a legal Clinic, and such reliance should not be to their further financial detriment.

An order reducing the fee from the original charge of $750.00 to the stated level of $375.00 has already been entered by this Court.

---

**4.** Interestingly enough, the advertisement in *Bates* specifically delineated certain qualifications as to bankruptcy fees by noting that the fee pertained to:

"Bankruptcy—non business, no contested proceedings
Individual
$250.00 plus $55.00 court filing fee"

Although there is no reference to a distinction between Chapter 7 and Chapter 13 cases in this advertisement, this was an issue that the Supreme Court noted need not be addressed at the time. Obviously, if the attorney's fee does differ for relief as to a particular chapter of the Code, the Clinic is duty-bound to provide some supplementary language to so advise the public that not all bankruptcy cases are billed at $375.00.